# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**MARILIZ GARCÍA-NIEVES,**

    **Plaintiff,**

    v.

**FÉLIX L. RODRÍGUEZ-RODRÍGUEZ, et al.,**

    **Defendants.**

**Civil No. 15-2320 (ADC)**

## OPINION AND ORDER

On September 24, 2015, plaintiff Mariliz García-Nieves ("García") commenced this civil action against defendant Félix L. Rodríguez-Rodríguez ("Rodríguez"), by filing a complaint alleging that Rodríguez violated 28 U.S.C. § 1875(a) and 29 L.P.R.A. § 152(a) by firing her from her job as a gas-station cashier due to her extended federal jury service. **ECF No. 1**. Rodríguez timely answered the complaint. **ECF No. 6**. On February 19, 2016, the Court issued a case-management order, requiring dispositive motions to be filed by March 3, 2016. **ECF No. 14**. The Court also referred the action to a Magistrate Judge for a status conference and, after the deadline for the filing of dispositive motions, a settlement conference. *Id*.

On March 11, 2016, Magistrate Judge Bruce McGiverin ordered a settlement conference to be held on April 1, 2016. To facilitate discussions at the conference, Magistrate McGiverin ordered García to serve a settlement demand on Rodríguez, and Rodríguez to serve a response to the demand on García, prior to the conference. **ECF No. 19**. On April 1, 2016, Magistrate

McGiverin presided over a conference at which García appeared, but Rodríguez did not. At that proceeding, García informed the Court that she had served Rodríguez with a settlement demand, as ordered, but that Rodríguez did not respond to the demand. **ECF No. 21**. Based on García's representation and Rodríguez's failure to appear, the Court ordered Rodríguez to show cause, by April 8, 2016, as to why the Court should not sanction him. On April 11, 2016, Rodríguez filed an untimely response, alleging that a family emergency had prevented him from appearing in court and that he was not yet prepared to discuss settlement. **ECF No. 22**. Rodríguez also informed the Court that, within "the next 48 hours," he would file "a Motion to Dismiss based on the fact that the employer of the Plaintiff is not [he], but a corporation." *Id*. at ¶ 12. On May 3, 2016, the Court declined to impose sanctions on Rodríguez. **ECF No. 23**.

On June 15, 2016, more than three months after the period for dispositive motions had closed and two months after he had initially said he would file it, Rodríguez moved the Court to dismiss the complaint for failure to join a required party pursuant to Federal Rule of Civil Procedure 12(b)(7). **ECF No. 25**. Although the motion does not explicitly invoke Rule 12(b)(6), it suggests that the complaint also fails to state a claim against Rodríguez.[1] *Id.* at 7. According to the motion, Rodríguez cannot be held liable for García's firing because he did not employ her; instead, her employer was the corporation Félix L. Rodríguez, Inc., which he founded and

---

[1] In its title, the motion also asks for summary judgment. *See* **ECF No. 25** at 1. But, in the body of the motion, Rodríguez fails to invoke Rule 56, cite any relevant case law, or even argue for, let alone request, summary judgment. As a result, the Court finds that he has waived any such argument "for lack of adequate development in briefing." *United States* v. *Morosco*, 822 F.3d 1, 10 (1st Cir. 2016).

currently works for. *Id*. at 2-4, 7; *see also* **ECF No. 25-3** at 2-3, 6. The motion further argues that the corporation, as García's employer, is a necessary party to the case, without whom the action must be dismissed. **ECF No. 25** at 5-9. García timely opposed the motion. **ECF No. 29**.

On the same day that she filed her opposition, García moved the Court for leave to file an amended complaint. **ECF No. 32**. Rodríguez did not oppose the motion. Thus, the Court granted García's motion, and she filed an amended complaint. **ECF Nos. 36**, **37**. The amended complaint mirrors the initial complaint, except that the amended one joins Félix L. Rodríguez, Inc. ("Rodríguez Inc."), as a co-defendant, alleges that Rodríguez Inc. was one of García's employers, adds new allegations against Rodríguez the individual, and seeks damages in tort under 31 L.P.R.A. §§ 5141 and 5142. *Compare* **ECF No. 1**, *with* **ECF No. 37** at ¶¶ 2, 5, 8.

On August 4, 2016, three days after the amended complaint was entered in the docket, Rodríguez Inc. entered the case, represented by the same lawyer as Rodríguez. **ECF No. 40**. Rodríguez Inc., but not Rodríguez, then timely answered the amended complaint. **ECF No. 43**.

On August 24, 2016, Rodríguez moved the Court to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and/or 12(c) on the ground that he is not personally liable for García's firing by Rodríguez Inc. **ECF No. 44**. García timely opposed the motion. **ECF No. 45**. The Court now dismisses, as both untimely and moot, the motion to dismiss the initial complaint and denies the motion to dismiss the amended complaint.

The Court dismisses, as untimely, Rodríguez's motion to dismiss the initial complaint because he filed it more than three months after the deadline fixed in the case-management

order.  *See* **ECF Nos. 10** at 6 (García proposing, without objection, a dispositive-motion deadline of March 3, 2016); **14** (the Court setting, without objection, in the case-management order of February 19, 2016, a deadline of March 3, 2016); **25** (Rodríguez filing, without leave, the instant motion on June 15, 2016).  "[T]rial judges have an abiding responsibility for the efficient management of the cases on their dockets." *Torres* v. *Puerto Rico*, 485 F.3d 5, 10 (1st Cir. 2007). "To that end, the Civil Rules require a district judge to issue orders 'as soon as practicable' fixing deadlines for the completion of discovery and the filing of dispositive motions." *Id*. (quoting Fed. R. Civ. P. 16(b)(2)).  "To help ensure that cases stay on track, district judges are given express authority to sanction parties who do not comply with these deadlines." *Id*. (citing Fed. R. Civ. P. 16(f)).  The First Circuit Court of Appeals has "made it clear that district courts may punish such dereliction in a variety of ways, including but not limited to the preclusion of untimely motions." *Id*. (quoting *Rosario-Díaz* v. *González*, 140 F.3d 312, 315 (1st Cir. 1998)).  "In exercising this power, 'trial judges enjoy great latitude,' and a litigant who ignores a case-management deadline does so at his peril." *Rosario-Díaz*, 140 F.3d at 315 (quoting *Jones* v. *Winnepesaukee Realty*, 990 F.2d 1, 5 (1st Cir. 1993); then citing Fed. R. Civ. P. 16(f)).  Here, as stated above, the Court elects to use its case-management authority to dismiss, as untimely due to its unexcused lateness, Rodríguez's motion to dismiss the initial complaint.

In any event, the Court finds that Rodríguez's motion to dismiss the initial complaint was mooted by the amended complaint. *See United States ex rel. Ladas* v. *Exelis, Inc.*, 824 F.3d 16, 21 (2d Cir. 2016) (holding that defendants' motions to dismiss the amended complaint "were

mooted by the district court's granting a motion by [plaintiff] to file a further amended pleading"); *see also Ramírez* v. *County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (same). Rodríguez's primary argument in the motion was that Rodríguez Inc. is a required party that García had failed to join. **ECF No. 25** at 4-9. The amended complaint, which joined Rodríguez Inc. as a co-defendant, mooted that issue. *See* **ECF No. 37** at ¶ 5. Furthermore, the new allegations against Rodríguez in the amended complaint also mooted the issue of whether the initial complaint had stated a claim against him. *See*, *e.g.*, *id.* at ¶ 8.

Next, the Court denies the motion to dismiss the amended complaint. Although the motion invokes both Rule 12(b)(6) and 12(c), *see* **ECF No. 44**, the Court will assess it under the rubric of Rule 12(b)(6) because Rodríguez has not yet answered the amended complaint. True, by the time that Rodríguez filed his second motion to dismiss on August 24, 2016, he could no longer timely answer the amended complaint, which was filed on August 1, 2016. *See* Fed. R. Civ. P. 15(a)(3) (providing "14 days after service of the amended pleading" to respond to it). But a "defendant may not move under Rule 12(c) prior to filing an answer." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2004); *see also Perez* v. *Wells Fargo N.A.*, 774 F.3d 1329, 1336-1337 (11th Cir. 2014). In any event, the rubric that the Court uses to consider the motion does not have any practical effect in this case. As Rodríguez admits, a "motion under Rule 12(c) is treated much the same as a motion under Rule 12(b)(6)." **ECF No. 44** at 5 (citing *Aponte-Torres* v. *Univ. of P.R.*, 445 F.3d 50, 54 (1st Cir. 2006)); *see also id*. at 9 (citing *Collier* v. *City of Chicopee*, 158 F.3d 601, 602 (1st Cir. 1998)). Rodríguez is correct that "[t]here is,

of course, a modest difference between Rule 12(c) and Rule 12(b)(6) motions," viz. only the former "implicates the pleadings as a whole." *Id*. (citing *Aponte-Torres*, 445 F.3d at 54-55). In this case, however, the difference is academic because Rodríguez's motion to dismiss the amended complaint does not reference the pleadings that are currently before the Court, *see* Fed. R. Civ. P. 7(a), aside from the amended complaint, *see* **ECF No. 44**.

As indicated above, the Court finds that Rodríguez's motion to dismiss the amended complaint has been brought pursuant to Federal Rule of Civil Procedure 12(b)(6):

> To survive a motion to dismiss, [a] complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. In evaluating whether a complaint states a plausible claim, we perform a two-step analysis. At the first step, we distinguish the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited). At step two, we must determine whether the factual allegations are sufficient to support the reasonable inference that the defendant is liable.

*In re Fid. ERISA Float Litig.*, 829 F.3d 55, 69 (1st Cir. 2016) (quoting *Saldivar* v. *Racine*, 818 F.3d 14, 17 (1st Cir. 2016)). García's amended complaint survives such scrutiny.

In the amended complaint, García alleges that defendants employed her for three years, in Puerto Rico, as a minimum-wage gas-station cashier. **ECF No. 37** at ¶¶ 4-5. On September 9, 2015, defendants fired her because of her extended federal jury service. *Id*. at ¶¶ 6-7. In a letter of that date, co-defendant Rodríguez informed García that defendants would no longer accommodate her ongoing jury service, which had, by then, entered its second year. *Id*. at ¶ 8. García also alleges that, before they fired her, defendants "coerced and intimidated" her "due to her jury duty," by withholding her pay for August through November 2014 and by asking

her for "written prior notice of [her] jury duty days that the jury service could not always provide." *Id*. at ¶ 11. Based on those allegations of fact, García claims that defendants violated 28 U.S.C. § 1875(a), 29 L.P.R.A. § 152(a), and 31 L.P.R.A. §§ 5141 and 5142. *Id*. at ¶¶ 2, 9.

The amended complaint sufficiently pleads a claim against Rodríguez under 28 U.S.C. § 1875(a), which provides: "No employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States." The statute does not define the term "employer," but the Court observes that it has previously held, on more than one occasion, that the term "includes supervisors and other agents of an organization." *Ortíz-Skerrett* v. *Rey Enters.*, 692 F. Supp. 2d 201, 205 (D.P.R. 2010) (Pérez-Giménez, J.) (citing *García* v. *Municipality of Mayagüez*, 118 F. Supp. 2d 153, 154-155 (D.P.R. 2000) (Fusté, J.)). In any event, the amended complaint alleges that Rodríguez was not only one of García's employers, *see* **ECF No. 37** at ¶ 5, but the agent or individual who fired her because of her jury service, *see id.* at ¶ 8. Those allegations suffice for the pleadings stage.

Similarly, the amended complaint sufficiently pleads a claim against Rodríguez under 29 L.P.R.A. § 152(a), which provides: "The right is hereby established of any person dismissed from employment on account of his having been called upon to serve, or having served, as a jury member in a court of justice of Puerto Rico, whether commonwealth or federal, to be reinstated in his office or employment," among other remedies. Once again, the statute does not define the term "employer," but the Court observes that 29 L.P.R.A. § 151(2), a definitional statute

covering "§§ 146 et seq. of this title," provides that the term "employer" includes "any natural or [juridical] person employing laborers, workers or employees, and the chief, official, manager, officer, managing partner, administrator, superintendent, foreman, overseer, agent or representative of such natural or [juridical] person" (alterations in original).  And, yet again, the allegations in the amended complaint are sufficient for the pleadings stage, regardless of whether the above definition applies.  That is because, as noted above, the amended complaint alleges that Rodríguez was one of García's employers.  **ECF No. 37** at ¶ 5.

Lastly, the amended complaint also sufficiently pleads a claim against Rodríguez under 31 L.P.R.A. §§ 5141 and 5142, which provide, in relevant part, that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done," and "[o]wners and directors of an establishment or enterprise are likewise liable for any damages caused by their employees . . . on account of their duties."  This claim is brought "under Puerto Rico's general tort statute."  *Flovac, Inc.* v. *Airvac, Inc.*, 817 F.3d 849, 856 (1st Cir. 2016) (citing 31 L.P.R.A. § 5141).  As the Puerto Rico Supreme Court once stated, the wording of that statute "constitutes an all-embracing formula that governs the legality of all human acts or omissions in the civil area."  *Colón* v. *Romero Barcelo*, 12 P.R. Offic. Trans. 718, 724 (P.R. 1982).  Because the amended complaint sufficiently alleges Rodríguez's commission of tortious wrongs, this claim also passes muster at the pleadings stage.

Nonetheless, Rodríguez contends that the amended complaint must be dismissed.  **ECF No. 44**.  However, his motion fails to address the elements of García's claims.  *See id.*  Instead,

Rodríguez simply argues, without citation to the pleadings or authority, that García could not have been "an employee of him while being an employee [of Rodríguez Inc.]." *Id*. at 4. But that is hardly true. After all, "it is not an uncommon situation for a single individual to find himself with more than one employer for the same job." *Harris* v. *Quinn*, 656 F.3d 692, 698 (7th Cir. 2011), *rev'd in part on other grounds*, 134 S. Ct. 2618 (2014). Accordingly, the Court finds that the amended complaint does not warrant, at this time, dismissal on the grounds raised by Rodríguez.

In sum, the Court hereby **DISMISSES** the first motion to dismiss, *see* **ECF No. 25**, as untimely and moot, and **DENIES** the second motion to dismiss, *see* **ECF No. 44**. Motion at **ECF No. 26** is **NOTED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 31st day of March, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**